UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIAHAO KUANG and DERON COOKE, on behalf of themselves and those similarly situated,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE and JAMES MATTIS, in his official capacity as Secretary of Defense of the United States Department of Defense,<br><br>Defendants-Appellants. | No. 18-17381<br><br>D.C. No. 3:18-cv-03698-JST Northern District of California, San Francisco<br><br>ORDER |

Before: THOMAS, Chief Judge, GOULD and PAEZ, Circuit Judges.

To the extent that appellees' motion to strike (Docket Entry No. 13) seeks to strike the declaration of Stephanie P. Miller for the purposes of resolving the pending motion to stay the district court's November 16, 2018 order, the request is denied. The motion to strike is otherwise referred to the panel assigned to decide the merits of this appeal.

Appellants' motion (Docket Entry No. 9) to stay the district court's November 16, 2018 order pending appeal is denied. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The previously established briefing schedule remains in effect.

LAB/MOATT

GOULD, Circuit Judge, dissenting:

I would grant the stay pending appeal because I conclude that the factors set forth in *Wenger v. Monroe*, 282 F.3d 1068, 1072 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 17, 2002), analyzing the test initially formulated by the Fifth Circuit in *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971), do not support justiciability of the class's claims here. The strength of the named Plaintiffs' claims are not very strong, because at most the new Department of Defense policy requires a delay in class members' entry into basic training until after their background checks have been completed. At most, the injury is a delay in reporting to basic training for an individual if that person's background check proves one that is safe for the military, and if the person is thought not safe for the military based on the background check, then there's no recognizable harm at all. By contrast, the extent of interference with military functions is at its zenith where the military is concerned that those without completed checks may pose national security concerns. And similarly, the judgments to be made on this subject are of the type that should be within military discretion because the expertise of the military on national security matters is paramount. And even if the class's claims are justiciable, the factors governing stay pending appeal, under *Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017), favor a stay. Because I conclude that the claims of the class are weak, if not non-justiciable, I also conclude that the

Department of Defense, which has the key expertise to assess national security concerns, is most likely to prevail. If a person enters military basic training at a military base, and harbors interests hostile to the United States government, then there is a likelihood of irreparable harm to the government. I also think that the public interest favors completion of background checks before a person enters the military. Respectfully, the stay pending appeal requested by the Department of Defense should be granted.